IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

Case No. _____

AUGUST IMAGE, LLC and CREATIVE
PHOTOGRAPHERS, INC.,

       Plaintiffs,

v.

ALLWRITE COMMUNICATIONS INC.
d/b/a HERS MAGAZINE,

       Defendant.

_____

## **COMPLAINT**

Plaintiffs August Image, LLC ("August Image") and Creative Photographers, Inc. ("Creative Photographers") (collectively the "Plaintiffs") sue defendant AllWrite Communications Inc. d/b/a hers Magazine ("Defendant"), and allege as follows:

## **THE PARTIES**

1.      August Image is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located in New York, NY.

2.      Creative Photographers is a corporation organized and existing under the laws of the State of New York with its principal place of business located in New York, New York.

3.      Defendant is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located at P.O. Box 1071, Atlanta, GA 30301. Defendant's agent for service of process is Annette Johnson, 3300 Buckeye Road, Suite 264, Atlanta, GA 30341.

## **JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with Georgia such that the exercise of personal jurisdiction over it would not offend traditional notices of fair play and substantial justice.

6.      Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agent(s) reside or may be found in this district.  "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant."  Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004).  "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'"  McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

## FACTS

### I.    Plaintiffs' Business

7.      From its offices in New York City and London, August Image represents (all around the world) over 100 of some of the most creative and innovative contemporary photographers working today.  It boasts a wide collection of portrait, lifestyle, beauty and fashion photography for editorial and commercial licensing. Some of August Image's image collection and a list of the photographers it represents is available on its website (at https://www.augustimage.com/).  It sets itself apart from others because it is knowledgeable about its exclusive images and strives to provide a high level of customer satisfaction.  In order to make its rights managed collection available to its clients, August Image has spent years to secure the

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

relationships, information and team to efficiently acquire the releases as necessary.

8.    Creative Photographers specializes in the licensing of high-end photography for all markets including editorial, advertising, entertainment, publishing, PR, merchandising, and all new media worldwide.  It was founded in 1994 and has grown to become one the leading photo agencies today with a deep global reach and successful placements worldwide. Creative Photographers works closely with its photographers in establishing an overall strategy which includes the placements and securing of appropriate approvals.  It has excellent relationships with all publicists, managers and agents which help to facilitate the seamless approval process while simultaneously maintaining a high level of service in all aspects.  Creative Photographers serves as the exclusive licensing agent for the numerous professional photographers whose work it represents, including but not limited to the work at issue in this lawsuit.

## II.    The Work at Issue in this Lawsuit

9.    Art Streiber, Austin Hargrave, Joe Pugliese, Martin Schoeller, Peter Yang, and Ramona Rosales are some of many renowned photographers represented by August Image.

10.    Art Streiber, a Los Angeles based photographer, is a director specializing in reportage, portraiture, corporate, entertainment, and advertising projects.  Mr. Streiber's editorial and entertainment clients include Vanity Fair, Entertainment Weekly, Wired, Fortune, ESPN, GQ, ABC, CBS, NBC, HBO, A&E, CNN, MCNBC, Paramount, Sony Pictures, DreamWorks, Warner Brothers Studios, Columbia-TriStar, and Universal Studios, to name a few.  Over the past 15 years, Mr. Streiber's photography has been selected for annual competitions of PDN, Communication Arts, and American Photography. His work can be viewed on his professional website (at  http://www.artstreiber.com/).

11.    Austin Hargrave, a British photographer, is from Manchester, England and is

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

based in Los Angeles, California.  His career began as a local news photographer where he developed numerous rolls of black and white film manually and then went on to shoot for the local newspaper.  Mr. Hargrave spent numerous years traveling the globe as a photojournalist, capturing everything from tsunamis to the War in Iraq. His work can be viewed on his professional website at (https://austinhargrave.com/).

12.     Joe Pugliese is a native of California who specializes in his favorite form of photography: photographing people. Mr. Pugliese's work can be viewed on his professional website (at http://www.joepug.com/current). He has learned over the years to use lighting, color, angles, shadows, and the background to capture the soul of his subjects which include scientists, authors, performers, creative geniuses, and everyday people. Mr. Pugliese travels extensively for his craft on behalf of his clients which include recognizable print magazines and studio networks such as Vanity Fair, GQ Magazine, Esquire, Men's Journal, Billboard, The New Yorker, NBC Universal, Fox Studios, Apple, Inc, Warner Brothers, Sony Television, Turner Broadcasting, and many more.

13.     Martin Schoeller is a distinguished contemporary portrait photographer most known for his extreme close-up photographs. After studying photography at the Lette Verein, he moved to New York in the 1990s and initiated his career. Mr. Schoeller's work soon gained respect for its robust visual impact and has contributed for over two decades to publications including The New Yorker, TIME, Rolling Stone, Vanity Fair, National Geographic, among others. He has won several accolades, markedly receiving acclaim for his Colin Kaepernick photograph in Nike's "Just Do It" campaign. Mr. Schoeller's work can be viewed on his professional website (at https://martinschoeller.com/).

14.     Peter Yang, born in Texas and a resident of Los Angeles, California, specializes

in portrait photography, including musicians. Mr. Yang's work can be viewed on his professional website (at https://peteryang.com/). He travels extensively for his craft on behalf of his clients which include recognizable print magazines and studio networks such as GQ, Rolling Stone, Esquire and The New York Times Magazine. Mr. Yang has shot campaigns for Coca-Cola, Comedy Central and Bank of America as well. His work has received recognition from American Photography and Communication Arts.

15.    Ramona Rosales, a photographer based in Los Angeles, CA, portrays femininity and domesticity in her poppy, conventionalized images. Her amazing work has been utilized in numerous tv series and movies including *Shelter*, *Je Ne Suis Pas Seul Sans Toi*, and *Outside the Lines* to name a few. Also notorious for her offbeat, candid celebrity portraits, her photography has appeared consistently in various publications such as New York Times Magazine, The Hollywood Reported, and Billboard Magazine. Ms. Rosales received a Bachelor of Fine Arts from Art Center College of Design and has been exhibited throughout Mexico and the US. Her work can be viewed on her professional website (at https://ramonarosales.com).

A.    **The First Photograph**

16.    In 2010, Mr. Streiber took a professional photograph of American actress Eva Longoria in the kitchen titled "el_03-karenzambos-cntrtop_0164_p" (the "First Photograph"). A copy of the First Photograph is exhibited below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228



17.    The First Photograph was registered by Mr. Streiber with the Register of Copyrights on October 21, 2020 and was assigned Registration No. VA 2-226-637. A true and correct copy of the printout from the US Copyright Office pertaining to the registration of the First Photograph is attached hereto as **Exhibit "A."**

B.    **The Second Photograph**

18.    In 2017, Mr. Streiber took a professional photograph of American filmmaker Ava DuVernay titled "ad_01-black-v_0059_f" (the "Second Photograph").  A copy of the Second Photograph is exhibited below:



19.     The Second Photograph was registered by Mr. Streiber with the Register of Copyrights on October 21, 2019 and were assigned Registration No. VA 2-196-130. A true and correct copy of the Certification of Registration pertaining to the registration of the Second Photograph is attached hereto as **Exhibit "B."**

20.     Mr. Streiber is the owner of the First Photograph and Second Photograph and has remained the owner at all times material hereto.

21.     For all times relevant to this action, August Image has been appointed as the exclusive administrator and publisher of all copyright rights in and to the First Photograph and

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Second Photograph.  As such, August Image is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

**C.    The Third Photograph**

22.    In 2020, Mr. Hargrave took a professional photograph of fashion stylist Ilaria Urbinati titled "AU293367" (the "Third Photograph").   A copy of the Third Photograph is exhibited below:



**D.    The Fourth Photograph**

23.    In 2020, Mr. Hargrave took a professional photograph of fashion stylist Ilaria

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Urbinati and American actor Dwayne Johnson titled "AU293366" (the "Fourth Photograph").

A copy of the Fourth Photograph is exhibited below:



24.     The Third Photograph and Fourth Photograph were registered by Mr. Hargrave with the Register of Copyrights on October 18, 2022 and were assigned Registration No. VA 2-325-079. A true and correct copy of the Certification of Registration pertaining to the Third Photograph and Fourth Photograph is attached hereto as **Exhibit "C."**

25.     Mr. Hargrave is the owner of the Third Photograph and Fourth Photograph and has remained the owner at all times material hereto.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

26.    For all times relevant to this action, August Image has been appointed as the exclusive administrator and publisher of all copyright rights in and to the Third Photograph and Fourth Photograph.  As such, August Image is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

E.    **The Fifth Photograph**

27.    In 2017, Mr. Pugliese took a professional photograph of celebrity stylists Mariel Haenn and Rob Zangardi together titled "AU11026045" (the "Fifth Photograph").  A copy of the Fifth Photograph is exhibited below:



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

28.    The Fifth Photograph was registered by Mr. Pugliese with the Register of Copyrights on January 29, 2018 and was assigned Registration No. VAu 1-303-859. A true and correct copy of the Certification of Registration pertaining to the Fifth Photograph is attached hereto as **Exhibit "D."**

29.    Mr. Pugliese is the owner of the Fifth Photograph and has remained the owner at all times material hereto.

30.    For all times relevant to this action, August Image has been appointed as the exclusive administrator and publisher of all copyright rights in and to the Fifth Photograph.  As such, August Image is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

### F.    The Sixth Photograph

31.    In 2018, Mr. Schoeller took a professional photograph of American fashion designer Law Roach titled "AU11454885" (the "Sixth Photograph").  A copy of the Sixth Photograph is exhibited below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



**G.    The Seventh Photograph**

32.    In 2018, Mr. Schoeller took a professional photograph of women from the U.S. House of Representatives titled "AU11325657" (the "<u>Seventh Photograph</u>").  A copy of the Seventh Photograph is exhibited below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



33.    The Sixth Photograph and Seventh Photograph were registered by Mr. Schoeller with the Register of Copyrights on June 19, 2020 and were assigned Registration No. VA 2-209-628. A true and correct copy of the printout from the US Copyright Office pertaining to the registration of the Sixth Photograph and Seventh Photograph is attached hereto as **Exhibit "E."**

34.    Mr. Schoeller is the owner of the Sixth Photograph and Seventh Photograph and has remained the owner at all times material hereto.

35.    For all times relevant to this action, August Image has been appointed as the exclusive administrator and publisher of all copyright rights in and to the Sixth Photograph and Seventh Photograph.  As such, August Image is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

**H.    The Eighth Photograph**

36.    In 2012, Mr. Yang took a professional photograph of American comedian Jimmy

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Fallon next to a robot in bed titled "AU1303979" (the "Eighth Photograph").  A copy of the

Eighth Photograph is exhibited below:



37.    The Eighth Photograph was registered by Mr. Yang with the Register of

Copyrights on June 5, 2019 and was assigned Registration No. VA 2-156-010.  A true and

correct copy of the Certification of Registration pertaining to the Eighth Photograph is attached

hereto as **Exhibit "F."**

38.    Mr. Yang is the owner of the Eighth Photograph and has remained the owner at

all times material hereto.

39.    For all times relevant to this action, August Image has been appointed as the

exclusive administrator and publisher of all copyright rights in and to the Eighth Photograph.

As such, August Image is entitled to institute and maintain this action for copyright

infringement.  See 17 U.S.C. § 501(b).

## I.    The Ninth Photograph

40.    In 2020, Ms. Rosales took a professional photograph of film writer Elizabeth Stewart titled "AU2148139" (the "Ninth Photograph").  A copy of the Ninth Photograph is exhibited below:



## J.    The Tenth Photograph

41.    In 2020, Ms. Rosales took a professional photograph of costume designer Karla Welch and Cuban-Spanish actress Ana de Armas together titled "AU2148456" (the "Tenth

<u>Photograph</u>").  A copy of the Tenth Photograph is exhibited below:



**K.**    **The Eleventh Photograph**

42.    In 2020, Ms. Rosales took a professional photograph of film writer Elizabeth Stewart and American actress Zoey Deutch together titled "AU2148428" (the "<u>Eleventh Photograph</u>").  A copy of the Eleventh Photograph is exhibited below:



**L.    The Twelfth Photograph**

43.    In 2020, Ms. Rosales took a professional photograph of costume designer Karla Welch mirrored titled "AU2148427" (the "Twelfth Photograph").    A copy of the Twelfth Photograph is exhibited below:



44.    The Ninth Photograph, Tenth Photograph, Eleventh Photograph, and Twelfth Photograph were registered by Ms. Rosales with the Register of Copyrights on November 11, 2020 and was assigned Registration No. VA 2-227-643. A true and correct copy of the Certification of Registration pertaining to the Ninth Photograph, Tenth Photograph, Eleventh Photograph, and Twelfth Photograph is attached hereto as **Exhibit "G."**

45.    Ms. Rosales is the owner of the Ninth Photograph, Tenth Photograph, Eleventh Photograph, and Twelfth Photograph and has remained the owner at all times material hereto.

46.    For all times relevant to this action, August Image has been appointed as the exclusive administrator and publisher of all copyright rights in and to the Ninth Photograph, Tenth Photograph, Eleventh Photograph, and Twelfth Photograph.  As such, August Image is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

47.     Ruven Afanador is one of many photographers represented by Creative Photographers.  Mr. Afanador is internationally renowned as a fashion and portrait photographer. Early in his career he traveled the world to hone his skills and discover his strengths, allowing him to amass an impressive portfolio which gained the attention of many well-known magazines to photograph icons in art, literature, fashion, film, and music.  In Mr. Afanador's body of work, he has created an intensely personal language characterized by the balance of bold emotion and delicate nuance.  His photographs carry the style of his Latin American heritage filtered by an exquisitely mannered elegance.  Mr. Afanador's work has appeared in numerous publications such as New York Magazine, Vanity Fair, Rolling Stone, The Hollywood Reporter, Billboard, The New York Times Magazine, numerous Vogue editions, Tatler, Elle, and The New Yorker. Mr. Afanador has published six books of his work which are highly regarded among photography and fashion aficionados.  His images have been staged in exhibitions all over the world.

**M.     The Thirteenth Photograph**

48.     In 2019, Mr. Afanador took a professional photograph of American singer-songwriter                    Mariah                    Carey                    titled "20191108_BILLBOARD_MARIAH_CAREY_S02_159_v2_v7"          (the          "<u>Thirteenth Photograph</u>").  A copy of the Thirteenth Photograph is exhibited below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



49.     The Thirteenth Photograph was registered by Mr. Afanador with the Register of Copyrights on February 5, 2020 and was assigned Registration No. VA 2-196-871. A true and correct copy of the Certification of Registration pertaining to the Thirteenth Photograph is attached hereto as **Exhibit "H."**

50.     Mr. Afanador is the owner of the Thirteenth Photograph and has remained the owner at all times material hereto.

51.     For all times relevant to this action, Creative Photographers has been appointed as the exclusive administrator and publisher of all copyright rights in and to the Thirteenth Photograph.  As such, Creative Photographers is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

52.     The First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Photograph, Tenth Photograph, Eleventh Photograph, Twelfth Photograph, and Thirteenth Photograph are collectively referred to herein as the "Work."

**III.    Defendant's Unlawful Activities**

53.    Defendant is a digital magazine that enhances and supports the achievement of women by sharing tools and knowledge for professional growth and personal development. Defendant's focus is to improve women's individuality, community, and future.

54.    Defendant advertises/markets its business primarily through its website (https://hers-magazine.com/), social media (e.g. https://www.facebook.com/hersmagazine, https://twitter.com/hersmagazine,                https://www.youtube.com/user/HersMag, https://www.instagram.com/hersmagazine/, https://www.pinterest.com/hersmagazine/),    and other forms of advertising.

55.    On March 1, 2020 (before the above-referenced copy registration of the First Photograph), Defendant published the First Photograph on its website in connection with an article titled '5 Famous Women You Didn't Know Were Great Cooks (at https://hers-magazine.com/5-famous-women-you-didnt-know-were-great-cooks/):

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228







FAVORITE

# 5 Famous Women You Didn't Know Were Great Cooks

56.    On October 7, 2018 (before the above-referenced copy registration of the Second Photograph), Defendant published the Second Photograph on its website in connection with an article titled 'Reactions to Kavanaugh Confirmation' (at https://hers-magazine.com/celebrity-reactions-to-kavanaugh-confirmation/):

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228




ABOUT ⌄     LATEST NEWS ⌄     MAGAZINE ⌄     EVENTS     HERS STORE ⌄     GIFT GUIDE 🎁



**FAVORITE**

# Reactions to Kavanaugh Confirmation

By Annette Johnson | October 7, 2018

57.     On March 18, 2020 (before the above-referenced copy registration of the Third Photograph and Fourth Photograph), Defendant published the Third Photograph and Fourth Photograph on its website in connection with an article titled 'The Hollywood Reporter Names Top 10 Celebrity Stylists of the Decade' (at https://hers-magazine.com/the-hollywood-reporter-names-top-10-celebrity-stylists-of-the-decade/):

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



58.    On March 18, 2020 (after the above-referenced copy registration of the Fifth Photograph), Defendant published the Fifth Photograph on its website in connection with an article titled 'The Hollywood Reporter Names Top 10 Celebrity Stylists of the Decade' (at

https://hers-magazine.com/the-hollywood-reporter-names-top-10-celebrity-stylists-of-the-decade/):



59.    On March 18, 2020 (before the above-referenced copy registration of the Sixth Photograph), Defendant published the Sixth Photograph on its website in connection with an article titled 'The Hollywood Reporter Names Top 10 Celebrity Stylists of the Decade' (at https://hers-magazine.com/the-hollywood-reporter-names-top-10-celebrity-stylists-of-the-decade/):

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



60.    On December 18, 2019 (before the above-referenced copy registration of the Seventh Photograph), Defendant published the Seventh Photograph on its website in connection with an article titled 'How the House's Newest Women Voted on Impeachment' (at https://hers-magazine.com/how-the-houses-newest-women-voted-on-impeachment/):



MAGAZINE

☰  ABOUT ⌄   LATEST NEWS ⌄   MAGAZINE ⌄   EVENTS   HERS STORE ⌄   GIFT GUIDE 🎁   SUBSCRIBE ⌄   CONTACT ⌄   f  🐦



SHARE BUTTO

f  🐦  G+  P  📧

CONNECT

Hers Magazine
6,406 followers

f Follow Page

Hers Magazine
on Tuesday

#Miley is the first female artis
85 million monthly listeners in
history

POPULAR STOR

Nicki Minaj Drop
Trinidad Carniva

FAVORITE

## How the House's Newest Women Voted on Impeachment

By Online Editor | December 18, 2019

61.    On May 10, 2018 (before the above-referenced copy registration of the Eighth Photograph), Defendant published the Eighth Photograph on its website in connection with an article titled 'Men May Soon Replace You in Bed with a Robot' (at https://hers-magazine.com/article/men-may-soon-replace-you-in-bed-with-a-robot/):

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



62.    On March 18, 2020 (before the above-referenced copy registration of the Ninth Photograph, Tenth Photograph, Eleventh Photograph, and Twelfth Photograph), Defendant published the Ninth Photograph, Tenth Photograph, Eleventh Photograph, and Twelfth Photograph on its website in connection with an article titled 'The Hollywood Reporter Names Top 10 Celebrity Stylists of the Decade' (at https://hers-magazine.com/the-hollywood-reporter-names-top-10-celebrity-stylists-of-the-decade/):

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

ABOUT ⌄   LATEST NEWS ⌄   MAGAZINE ⌄   EVENTS   HERS STORE ⌄   GIFT GUIDE 🎁   SUBSCRIBE ⌄   CONTACT ⌄

**ELIZABETH STEWART**



Karla Welch (By Ramona Rosales)

ABOUT ⌄   LATEST NEWS ⌄   MAGAZINE ⌄   EVENTS   HERS STORE ⌄   GIFT GUIDE 🎁   SUBSCRIBE ⌄   CONTACT ⌄

**CLIENTS: TRACEE ELLIS ROSS, OLIVIA WILDE, SARAH PAULSON, RUTH NEGGA, PINK, ANA DE ARMAS, ELISABETH MOSS, AMERICA FERRERA, CAITRIONA BALFE, AMANDLA STENBERG, JUSTIN BIEBER**



Welch with client Ana de Armas. (By Ramona Rosales)

**KATE YOUNG**

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



63.   On March 12, 2020 (after the above-referenced copy registration of the Thirteenth Photograph), Defendant published the Thirteenth Photograph on its website in connection with an article titled '15 Celebrities Who Were Girl Scouts' (at https://hers-magazine.com/15-celebrities-who-were-girl-scouts/):

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



64. A true and correct copy of the screenshots of Defendant's website, displaying the copyrighted Work, is attached hereto as **Exhibit "I."**

65. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiffs to seek permission to use the Work in connection with its website or for any other purpose.

66. Defendant utilized the Work for commercial use – namely, in connection with the marketing of its business.

67. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiffs to secure a license, simply copied the Work for its own commercial use.

68. Through their ongoing diligent efforts to identify unauthorized use of their photographs, Plaintiffs first discovery of Defendant's unauthorized use/display of any photograph comprising the Work was in March 2020. Following Plaintiffs' discovery, Plaintiffs

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

notified Defendant in writing of such unauthorized use.  To date, Plaintiffs have been unable to negotiate a reasonable license for the past infringement of their Work.

69.     All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT
### *First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, Eleventh Photograph, and Twelfth Photograph*

70.     August Image re-alleges and incorporates paragraphs 1 through 69 as set forth above.

71.     Each photograph comprising the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, Eleventh Photograph, and Twelfth Photograph (collectively, the "Pre-Registration Infringed Work") is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

72.     Mr. Streiber owns a valid copyright in the First Photograph and Second Photograph having registered the First Photograph and Second Photograph with the Register of Copyrights.

73.     Mr. Hargrave owns a valid copyright in the Third Photograph and Fourth Photograph, having registered the Third Photograph and Fourth Photograph with the Register of Copyrights.

74.     Mr. Schoeller owns a valid copyright in the Sixth Photograph and Seventh Photograph, having registered the Sixth Photograph and Seventh Photograph with the Register of Copyrights.

75.     Mr. Yang owns a valid copyright in the Eighth Photograph, having registered the

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Eighth Photograph with the Register of Copyrights.

76.    Ms. Rosales owns a valid copyright in the Ninth Photograph, Tenth Photograph, Eleventh Photograph, and Twelfth Photograph, having registered the Ninth Photograph, Tenth Photograph, Eleventh Photograph, and Twelfth Photograph with the Register of Copyrights.

77.    August Image has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright (as August Image serves as the exclusive licensing agent with respect to its Work).

78.    As a result of August Image's reproduction, distribution, and public display of the Pre-Registration Infringed Work, Defendant had access to the Pre-Registration Infringed Work prior to its own reproduction, distribution, and public display of the Work on its website.

79.    Defendant reproduced, distributed, and publicly displayed the Pre-Registration Infringed Work without authorization from August Image.

80.    By its actions, Defendant infringed and violated August Image's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Pre-Registration Infringed Work for its own commercial purposes.

81.    August Image has been damaged as a direct and proximate result of Defendant's infringement.

82.    August Image is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Pre-Registration Infringed Work and, at August Image's election (pursuant to 17 U.S.C. § 504(b)), August Image is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Pre-Registration Infringed Work, which amounts shall be proven at trial.

83.    Defendant's conduct has caused, and any continued infringing conduct will

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

continue to cause, irreparable injury to August Image unless enjoined by the Court.  August Image has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, August Image is entitled to a permanent injunction prohibiting infringement of August Image's exclusive rights under copyright law.

**WHEREFORE**, August Image demands judgment against Defendant as follows:

a.  A declaration that Defendant has infringed August Image's copyrights in the Pre-Registration Infringed Work;

b.  An award of actual damages and disgorgement of profits as the Court deems proper.

c.  Awarding August Image interest, including prejudgment interest, on the foregoing amounts;

d.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing August Image's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Pre-Registration Infringed Work or to participate or assist in any such activity; and

e.  For such other relief as the Court deems just and proper.

<u>**COUNT II – COPYRIGHT INFRINGEMENT**</u>
***The Fifth Photograph and Thirteenth Photograph***

84.  Plaintiffs re-allege and incorporate paragraphs 1 through 69 as set forth above.

85.  Each of the Fifth Photograph and Thirteenth Photograph (collectively, the "<u>Post-Registration Infringed Work</u>") is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

86.    Mr. Pugliese owns a valid copyright in the Fifth Photograph, having registered the Fifth Photograph with the Register of Copyrights.

87.    Mr. Afanador owns a valid copyright in the Thirteenth Photograph, having registered the Work with the Register of Copyrights.

88.    Plaintiffs have standing to bring this lawsuit and assert the claim(s) herein as they have sufficient rights, title, and interest to such copyright (as Plaintiffs serve as the exclusive licensing agents with respect to the Post-Registration Infringed Work.

89.    As a result of Plaintiffs' reproduction, distribution, and public display of the Post-Registration Infringed Work, Defendant had access to the Post-Registration Infringed Work prior to its own reproduction, distribution, and public display of the Post-Registration Infringed Work on its website, webpage, and/or social media.

90.    Defendant reproduced, distributed, and publicly displayed the Post-Registration Infringed Work without authorization from Plaintiffs.

91.    By its actions, Defendant infringed and violated Plaintiffs' exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Post-Registration Infringed Work for its own commercial purposes.

92.    Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiffs' copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website (© 2022 by Allwrite Communications. All rights reserved. Reproduction in whole or in part without permission is prohibited.") indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website.  See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.'    By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage; John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

93.    Defendant's willfulness is further demonstrated by the fact that Defendant has refused and/or failed to remove the Work from its website notwithstanding at least two (2) communications sent to Defendant (via email) notifying it of the infringement and demanding that the Work be removed from Defendant's website. See, e.g. Prepared Food Photos, Inc. v. Perry Wings Plus, Inc., No. 22-CV-61883-RAR, 2022 U.S. Dist. LEXIS 227304, at *10 (S.D. Fla. Dec. 19, 2022) ("Defendant's refusal to remove Plaintiff's Work after nearly a dozen communication attempts demonstrates Defendant's willfulness."); Burch v. Nyarko, 2007 U.S. Dist. LEXIS 55345, at *3 (S.D.N.Y. July 30, 2007) ("Nyarko's conduct throughout this action – reflected in his refusal to talk to Plaintiff, to remove the photographs promptly from the website, and to respond to this suit – supported a finding of willfulness under 17 U.S.C. § 504©(2)."); Schwabel v. HPT Serv., LLC, No. 3:17-cv-791-J-34JBT, 2018 U.S. Dist. LEXIS

171820, at *10 n.8 (M.D. Fla. Sep. 6, 2018) ("Because Defendant failed to remove the Photograph from the subject sites after Plaintiff demanded that he do so, the undersigned recommends that the infringements were willful.").The willfulness of Defendant's infringement is further demonstrated by Defendant's inclusion on its website of a copyright notice ("Copyright © 2019. Islamorada Times. All Rights Reserved. Privacy Policy"), indicating Defendant understands the importance of copyright protection/intellectual property rights and falsely represented all content thereon as its own. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage; John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). As of the date of this filing, the Work is still published on Defendant's website.

94.    Plaintiffs have been damaged as a direct and proximate result of Defendant's infringement.

95.     Plaintiffs are entitled to recover their actual damages resulting from Defendant's unauthorized use of the Post-Registration Infringed Work and, at Plaintiffs' election (pursuant

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

to 17 U.S.C. § 504(b)), Plaintiffs are entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Post-Registration Infringed Work, which amounts shall be proven at trial.

96.    Alternatively, and at Plaintiffs' election, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

97.    Pursuant to 17 U.S.C. § 505, Plaintiffs are further entitled to recover their costs and attorneys' fees as a result of Defendants' conduct.

98.    Defendants' conduct have caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiffs unless enjoined by the Court.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a permanent injunction prohibiting infringement of Plaintiffs' exclusive rights under copyright law.

**WHEREFORE**, Plaintiffs demand judgment against Defendant as follows:

a.  A declaration that Defendant has infringed Plaintiffs' copyrights in the Post-Registration Infringed Work;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiffs' election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of each photograph comprising the Post-Registration Infringed Work;

d.  Awarding Plaintiffs their costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiffs interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys,

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

successors, affiliates, subsidiaries, and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiffs' copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Post-Registration Infringed Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

## Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: March 2, 2023.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
james@copycatlegal.com

By: /s/ James D'Loughy
        James D'Loughy, Esq.