IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

Case No. 1:23-cv-00910-SEG

AUGUST IMAGE, LLC,

    Plaintiff,

v.

ALLWRITE COMMUNICATIONS
INC. d/b/a HERS MAGAZINE,

    Defendant.

_____

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff August Image, LLC ("Plaintiff") hereby moves for entry of summary judgment against defendant AllWrite Communications Inc. d/b/a hers Magazine ("Defendant"), and states as follows:

## INTRODUCTION

This is a straightforward case of copyright infringement. Plaintiff represents (all around the world) over 100 of some of the most creative and innovative contemporary photographers working today. The First Amended Complaint asserts two counts of copyright infringement against Defendant with respect to the alleged unauthorized copying and display of twelve (12) of Plaintiff's copyrighted photographs (collectively referred to as the "Work"). Defendant is a for-profit digital magazine. Defendant simply copied the photographs comprising the Work

from other internet sources and used them for its own digital magazine. As there are no facts in dispute and the foregoing unequivocally constitutes copyright infringement, Plaintiff is entitled to summary judgment.

## **ARGUMENT**

### I.  **Legal Standard**

A motion for summary judgment forces a court to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). Motions for summary judgment should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue over any material fact and that the moving party is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; rather, the record must reveal a "genuine issue of material fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). Facts are material if, under the applicable substantive law, they might affect the outcome of the case. See <u>id.</u> Disputes over those facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." <u>Id.</u>

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

## II. Plaintiff is Entitled to Summary Judgment on its Claim for Copyright Infringement

### A.    *Elements of Copyright Infringement*

Counts I and II of the First Amended Complaint assert claims for copyright infringement of twelve (12) photographs against Defendant.  "To establish a prima facie case of copyright infringement, two elements must be proven: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" McPherson v. Seaduced, No. 8:14-cv-2315-T-33EAJ, 2015 U.S. Dist. LEXIS 52374, at *3 (M.D. Fla. Apr. 21, 2015) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)).

### B.    *Ownership of a Valid Copyright*

With respect to the first element, a certificate of registration "made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. § 410(c).  "Once a plaintiff produces a valid registration, the burden shifts to the defendant to establish that the work in which the copyright claimed is unprotectable."  Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1233 (11th Cir. 2010).  Here, it is undisputed that each of the photographers at issue created the photographs comprising the Work and, with the exception of the First Photograph and Eighth Photograph, registered each photograph with the U.S. Copyright Office

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

within five years of creation/publication.[1] As such, the respective certificates of registration constitute prima face evidence of the validity of the copyright and the facts stated in the certificates.

The First Photograph and the Eighth Photograph were not registered until later than 5 years from first publication. The registration certificates for the First Photograph and the Eighth Photograph therefore do not constitute "prima facie" evidence of validity, but they certainly are evidence enough to satisfy the first element of an infringement claim.[2] As succinctly explained in Southall v. Force Partners, LLC, No. 1:20-cv-03223, 2021 U.S. Dist. LEXIS 164680, at *7 (N.D. Ill. Aug. 31, 2021):

> The last sentence is crucial here: Section 410(c) confers discretion on the court on how to treat a certificate obtained five years after publication. In other words, the statute mandates a presumption of validity for pre-five-year certificates, but the statute does not ***forbid***[3] a presumption of validity for post-five-year certificates. Post-five-year certificates are still eligible to qualify as prima facie evidence of a valid copyright. Yurman

---

[1]     See First Amended Complaint, at Exhibits A – H.

[2]     See, e.g., Sater Design Collection, Inc. v. Waccamaw Constr., Inc., Civil Action No. 4:08-cv-4133-TLW-SVH, 2011 U.S. Dist. LEXIS 15226, at *9 (D.S.C. Feb. 14, 2011) (quoting M. Kramer Mfg. Co. v. Andrews, 783 F.2d 421, 434 (4th Cir. 1986)) ("The Fourth Circuit Court of Appeals has held that a certificate of copyright granted by the Copyright Office 'is prima facie proof of the validity of plaintiff's copyright, including the existence of the elements of originality and fixation.'"); Softech Worldwide, LLC v. Internet Tech. Broad. Corp., 761 F. Supp. 2d 367, 371 (E.D. Va. 2011) ("Regarding ownership, a certificate of registration from the United States Copyright Office is prima facie evidence of a copyright's validity."; Lifetime Homes, Inc. v. Residential Dev. Corp., 510 F. Supp. 2d 794, 801 (M.D. Fla. 2007) ("Although Plaintiff did not file the copyright registration within the five year time period, Plaintiff has produced the certificate of registration for the Model A and Defendants have not pointed to any evidence indicating that Plaintiff's certificate of registration is not valid. Further, Defendants make no argument nor present any evidence to support a finding that Plaintiff does not in fact own the copyright for the Model A plans.").

[3]     Emphasis in original.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

> <u>Design, Inc. v. Golden Treasure Imps., Inc.</u>, 275 F. Supp.
> 2d 506, 515-16 (S.D.N.Y. 2003) (holding that late
> registrations can be considered prima facie evidence of
> valid copyright); <u>Telerate Sys., Inc. v. Caro</u>, 689 F. Supp.
> 221, 227 n. 7 (S.D.N.Y. 1988) (explaining "[e]ven if the
> certificate were ... issued more than five years after the
> actual date of first publication, the court would be inclined
> to give the certificate the weight of prima facie evidence,
> as permitted under Section 410(c)."). ***In any event, the
> strength of the presumption is not a matter that should
> be resolved at the pleading stage. The parties must
> develop facts in discovery before the certificate's
> evidentiary weight can be presented to the Court for
> decision***.[4] The copyright-infringement claim survives.

Here, the respective photographers registered the First Photograph and Eighth

Photograph pursuant to 17 U.S.C. § 411(a) with the Register of Copyrights as set

forth above.  Defendant did not raise any affirmative defense purporting to challenge

the validity of the copyright registrations and did not engage in ***any*** discovery in this

lawsuit – it did not take a single deposition, issue a single request for production,

etc.[5]  Simply put, Defendant has not proffered and cannot proffer any evidence to

challenge the validity of the registration certificates.   Indeed, Defendant itself

testified during its deposition that it is not disputing the photographers created the

subject photographs, that it has no evidence of anyone else owning the photographs,

or that the photographs are registered with the Copyright Office.[6]

---

[4]     Emphasis added.

[5]     <u>See</u> Declaration of James D'Loughy, dated December 1, 2023 (the "D'Loughy Decl."), a true and correct copy of which is attached hereto as Exhibit "A," at ¶ 5.

[6]     <u>See</u> Deposition Transcript of Annette Johnson, dated August 17, 2023 (the "<u>Johnson Tr.</u>"), a true and correct copy of which is attached hereto as Exhibit "B," at 58:15 – 59:4.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

"Some minimal degree of creativity," or "the existence of ... intellectual production, of thought, and conception" is required for copyright protection. JCW Investments, Inc. v. Novelty, Inc., 482 F.3d 910, 914–15 (7th Cir. 2007) (quoting Feist Publications, Inc, 499 U.S. at 362).    "[T]he requisite level of creativity is *extremely low*; even a slight amount will suffice.  The vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be." Feist Publ'ns, Inc., 499 U.S. at 345 (emphasis added).  With respect to the creativity/originality of photographs, one court recently explained:

> Courts have found that photographs, even if taken partly for informative purposes, can still be creative. See, e.g., Balsley v. LFP, Inc., 691 F.3d 747, 760 (6th Cir. 2012) (finding that amateur photograph of a wet t-shirt contest had "a mixed nature of fact and creativity"); Kelly v. Arriba Soft Corp., 336 F.3d 811, 820 (9th Cir. 2003) ("Photographs that are meant to be viewed by the public for informative and aesthetic purposes . . . are generally creative in nature."). Even photographs of "mundane articles of furniture" have been found to have a creative nature for copyright purposes.  See Ashley Furniture Indus., Inc. v. Am. Signature, Inc., No. 2:11-CV-427, 2014 WL 11320708, at *9 (S.D. Ohio 2014) ("although the copyrighted photographs at issue in this case depict comparatively mundane articles of furniture, they are at least as creative as the surreptitious grab shot at issue in Balsley.").

Maui Jim v. Smartbuy Guru Enters., 459 F. Supp. 3d 1058, 1102 (N.D. Ill. 2020).

In that case, the court concluded that the photographs at issue (of Maui Jim

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

sunglasses) were sufficiently creative to meet the minimum threshold: "although the 93 Photographs are mundane depictions of Maui Jim's sunglasses, we find that the process of creating those photographs necessarily included decisions about lighting, camera angle and distance, shadowing, and post-production editing. Additionally, creative judgment was necessarily exercised in selecting which photographs to use on Maui Jim's advertisements." Id.

Defendant cannot seriously dispute that the photographs at issue, each of which is generally a professional portrait of celebrities/politicians in a studio setting – meet the minimum levels of creativity required for copyright registration.

### C.    Plaintiff's Standing to Pursue Copyright Infringement Claim

"For standing purposes, the leading treatise on copyright explains that the 'plaintiff in court obviously need not be the same party who initially registered the subject work.'" Smith v. Casey, 741 F.3d 1236, 1243 (11th Cir. 2014) (quoting 3 Nimmer on Copyright § 12.02[B][1]). "It is established law under the 1976 Act that any party to whom such a right has been transferred — whether via an assignment or an exclusive license — has standing to bring an infringement action based on that right." Minden Pictures, Inc. v. John Wiley & Sons, Inc., 795 F.3d 997, 1003 (9th Cir. 2015).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Here, Plaintiff maintains written contractual agreements with each of the photographers at issue.[7]  Those agreements provide Plaintiff the exclusive right to sell, syndicate, license, market or otherwise distribute each photographer's works, to authorize the making of copies of each photographer's copyrighted works to the public by rights-managed license, to authorize and control the display of those copyrighted works publicly, and to pursue infringement claims for violations of the exclusive copyright interests granted to Plaintiff under the agreements.[8] Such agreements affirm each photographer's intention that any rights necessary to convey standing to Plaintiff to enforce each photographer's intellectual property rights in each photographer's photographic works have been transferred and/or assigned to Plaintiff.[9] Such rights are exclusive rights under 17 U.S.C. §106.[10] An excerpt from each photographer's agreement is included in the Hannigan Decl. at ¶ 7.[11]

This is certainly sufficient to establish Plaintiff's standing to pursue this lawsuit. See Minden Pictures, Inc. (795 F.3d at 1003) (internal citations omitted) ("Under the Agency Agreements, Minden is the 'sole and exclusive agent and representative with respect to the Licensing of any and all uses' of the photographs.

---

[7]     See Declaration of Bill Hannigan, dated December 1, 2023 (the "Hannigan Decl."), a true and correct copy of which is attached hereto as Exhibit "C," at ¶ 7.

[8]     Id.

[9]     Id.

[10]     Id.

[11]     Id.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

That is, the photographers have promised that Minden, and only Minden, will have the power, as the photographers' licensing agent, to authorize third parties to reproduce, distribute, and display the photographs.") (holding that similar agency agreements conveyed exclusive rights sufficient to maintain standing). See also I.A.E., Inc. v. Shaver, 74 F.3d 768, 775 (7th Cir. 1996) ("In an exclusive license, the copyright holder permits the licensee to use the protected material for a specific use and further promises that the same permission will not be given to others."); Stockfood Am., Inc. v. Adagio Teas, Inc., 475 F. Supp. 3d 394, 411 (D.N.J. 2020) ("[I]t is clear from the face of the Agency Agreement that the photographers intended to appoint Stockfood as their exclusive licensing agent. That appointment carried with it the grant of the exclusive right to act as a licensing agent, that is, to authorize the reproduction, distribution, and display of the Images in return for a fee that would be shared with the photographer…. [T]he photographers' retention of limited licensing rights does not undermine exclusivity as a matter of law, and the Agency Agreements provide that Stockfood is the photographers' sole and exclusive agent worldwide.").

## D.    *Copying of Constituent Elements*

A prima facie case of copying is established from showing that a defendant had access to the copyrighted work and that substantial similarities exist between the original and the infringing work. Dream Custom Homes, Inc. v. Modern Day

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Constr., Inc., 773 F. Supp. 2d 1288 (M.D. Fla. 2011). "Substantial similarity exists between the defendant's work and the protected aspects of the plaintiff's work when the copying at issue 'is quantitatively and qualitatively sufficient to support the legal conclusion that infringement (actionable copying) has occurred.'" Hirsch v. CBS Broad. Inc., 2017 U.S. Dist. LEXIS 123468 (S.D.N.Y. Aug. 4, 2017) (quoting Ringgold v. Black Entm't Television, Inc., 126 F.3d 70, 75 (2d Cir. 1997)). "The qualitative component [of substantial similarity] concerns the copying of expression." Ringgold, 126 F.3d at 75. To determine the qualitative component, courts apply the "average lay observer" test. Hirsch, 2017 U.S. Dist. LEXIS 123468, at *8; Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 108-09 (2d Cir. 2001); Ringgold, 126 F.3d at 77. Here, there is no question of substantial similarity because Defendant copied and displayed duplicate copies of each of the photographs comprising the Work for its own publication.[12]

### E.    Defendant's Infringement was Willful (The Fifth Photograph Only)

Plaintiff acknowledges that willfulness determinations are typically not susceptible to summary judgment as they involve factual issues. See, e.g., Joe Hand Promotions, Inc. v. Griffith, No. 3:20-cv-382, 2023 U.S. Dist. LEXIS 128091, at *24 (E.D. Tenn. July 25, 2023). Indeed, in granting summary judgment against Defendant on liability for its copyright infringement, the court in Krikor specifically

---

[12]    See Johnson Tr., at 59:21 – 59:25.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

denied summary judgment as to willfulness, finding that too many unresolved factual issues existed.  Here, however, Plaintiff submits that the Court may find willfulness given the abundance of evidence in support thereof.

Willful infringement occurs when a defendant acts "with 'actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright.'" Arista Records, Inc. v. Beker Enterprises, Inc., 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) (J. Cohn) (citing Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc., 658 F. Supp. 458, 464 (E.D. Pa. 1987)).  "[R]ecklessness or willful blindness is typically demonstrated by past practices of infringing other works, or when a defendant ignores a warning letter sent by plaintiff's counsel." Fabric Selection, Inc. v. NNW Imp., Inc., No. 2:16-cv-08558-CAS(MRWx), 2018 U.S. Dist. LEXIS 62334, at *29 (C.D. Cal. Apr. 11, 2018) (citing Nimmer on Copyright § 14.04[B][3][a], at 14-94-14-95); Design Basics, LLC v. Drexel Bldg. Supply, Inc., No. 13-C-560, 2016 U.S. Dist. LEXIS 137713, at *17-18 (E.D. Wis. Oct. 4, 2016) ("If offered for the limited purpose of establishing willfulness, on the other hand, all that need be shown is that the Defendants have previously faced copyright infringement accusations. That is, the merit and truth of those accusations is less relevant than the fact that they were made at all. It is the accusation, combined with the settlement, that arguably placed the Defendants on notice that their actions were causing others to call their conduct into question—regardless of the merit of

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

those questions."); <u>N.A.S. Imp., Corp. v. Chenson Enters.</u>, 968 F.2d 250, 252 (2d Cir. 1992) ("We have held that for the purpose of awarding enhanced statutory damages under § 504(c)(2), an infringement is willful if the defendant had knowledge that its actions constitute an infringement.  This knowledge may be actual or constructive. In other words, it need not be proven directly but may be inferred from the defendant's conduct.") (internal citations and quotation marks omitted); <u>4 Nimmer on Copyright § 14.</u>04[B][3] ("[O]ne who 'recklessly disregards' a copyright holder's rights, even if lacking actual knowledge of infringement, may be subject to enhanced damages. That reckless disregard can be inferred from a past practice of infringing other works or from other circumstances—a good example being that the defendant has defaulted.").

Notably, Defendant itself utilizes a copyright disclaimer on its website (© 2022 by Allwrite Communications. All rights reserved. Reproduction in whole or in part without permission is prohibited.") indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website.[13]  <u>See, e.g.</u>, <u>Bell v. ROI Prop. Grp. Mgmt., LLC</u>, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the

---

[13]      <u>See</u> First Amended Complaint, at Exhibit F. <u>See also</u> D'Loughy Decl., at ¶ 7.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage; <u>John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.</u>, Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

Defendant's willfulness is further demonstrated by the fact that Defendant had refused and/or failed to remove the Fifth Photograph from its website, despite notice of its alleged infringement with respect to the Fifth Photograph.[14] Specifically, on June 27, 2022, Plaintiff's representative reached out to Defendant via email, notifying it of the alleged infringement with respect to the Fifth Photograph.[15] After receiving no response, on July 11, 2022, a second email was sent to Defendant, again

---

[14]    <u>See</u> Hannigan Decl., at ¶ 46.
[15]    <u>Id.</u>

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

noting the display/publication of the Fifth Photograph on Defendant's website.[16] As of March 2, 2023 (the initial date of filing the instant lawsuit), the Fifth Photograph was still published and/or displayed on Defendant's website (per the Wayback Machine)     (see     https://web.archive.org/web/20230302173713/https://hers-magazine.com/the-hollywood-reporter-names-top-10-celebrity-stylists-of-the-decade/). See, e.g. Prepared Food Photos, Inc. v. Perry Wings Plus, Inc., No. 22-CV-61883-RAR, 2022 U.S. Dist. LEXIS 227304, at *10 (S.D. Fla. Dec. 19, 2022) ("Defendant's refusal to remove Plaintiff's Work after     nearly     a     dozen communication attempts demonstrates Defendant's willfulness."); Burch v. Nyarko, 2007 U.S. Dist. LEXIS 55345, at *3 (S.D.N.Y. July 30, 2007) ("Nyarko's conduct throughout     this     action     –     reflected     in     his refusal to     talk     to     Plaintiff, to remove the photographs promptly from the website, and to respond to this suit – supported a finding of willfulness under 17 U.S.C. § 504©(2)."); Schwabel v. HPT Serv., LLC, No. 3:17-cv-791-J-34JBT, 2018 U.S. Dist. LEXIS 171820, at *10 n.8 (M.D.     Fla.     Sep.     6,     2018)     ("Because Defendant failed to remove the Photograph from   the   subject   sites   after   Plaintiff demanded   that   he   do   so,   the   undersigned   recommends   that   the   infringements were willful."). As of the date of the instant lawsuit, the Fifth Photograph (and all of the other photographs comprising the Work) was still published on Defendant's

---

[16]     Id.

website.

Importantly, this is not the first case within which Defendant has been accused of copyright infringement. On January 6, 2022 (prior to the series of notices of infringement sent by Plaintiff), another photographer sued Defendant for the alleged infringement of his/her photographs.[17] <u>See</u> <u>Lanzilote v. Allwrite Commc'ns, Inc.,</u> No. 1:22-cv-0068-SEG (N.D. Ga.). Defendant was thus on notice of its business practices constituting copyright infringement and still ignored Plaintiff's notices. (<u>See</u> <u>Yash Raj Films (USA) Inc. v. Rannade Corp.,</u> No. CIVIL: 01 CV 5779 (JCL), 2007 U.S. Dist. LEXIS 36086, at *28 (D.N.J. May 17, 2007) ("Defendants having been sued in other copyright infringement cases and Defendants' past practice of infringing other works is another basis for finding Defendants' infringement to be willful."); <u>see also</u> <u>Swallow Turn Music v. Wilson,</u> 831 F. Supp. 575, 580 (E.D. Tex. 1993) ("It can be said that there are two kinds of willfulness: (1) knowing that a particular performance is a copyright infringement, and (2) knowing that the normal course of business involves a pattern of repeated copyright infringements. Should the latter situation occur, then 'willfulness' proven as to the course of business will suffice for "willfulness" for any particular occurrence of copyright infringement. A proprieter who has been

---

[17]     <u>See</u> Defendant's Responses to Plaintiff's First Interrogatories to Defendant, dated June 16, 2023 ("<u>Defendant's Responses to Interrogatories</u>"), a true and correct copy of which is attached hereto as Exhibit "E," at ¶ 10.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

repeatedly warned that a course of conduct violates the law should take responsibility in seeing that it does not happen again.")).

Here, there is no question that Defendant's conduct was, at minimum, reckless.

### F.    Defendant's Affirmative Defenses

"Because Defendant bears the burden of proof on its affirmative defense, at summary judgment, Defendant must demonstrate the absence of a genuine dispute of material fact on the elements of its affirmative defense."  Crenshaw v. City of Wetumpka, No. 2:15-CV-413-WKW, 2017 U.S. Dist. LEXIS 163940, at *12-13 (M.D. Ala. Sep. 29, 2017).  Here, Defendant purports to assert ten (10) affirmative defenses (the Answer purports to include 11, but the 11th defense does not assert anything).

With the exception of Defendant's "failure to state a claim" defense (which is not in actuality an affirmative defense but a mere denial),[18] Defendant asserts a litany of defenses ranging from laches to estoppel to fair use. Despite asserting these various affirmative defenses, Defendant is unable to articulate a basis for any of them, with the exception of a flawed understanding of the Fair Use Doctrine.

---

[18]    See Goodwin v. Parsons, No. 3:12cv454/MCR/EMT, 2013 U.S. Dist. LEXIS 198583, at *7 (N.D. Fla. Feb. 26, 2013) ("Failure to state a claim is not an affirmative defense because it attacks the sufficiency of the plaintiff's claim instead of admitting the claim and setting forth an affirmative justification or avoidance; and in any event, no particular deficiencies are alleged."); Nutradose Labs, LLC v. Bio Dose Pharma, LLC, No. 22-cv-20780-BLOOM/Otazo-Reyes, 2023 U.S. Dist. LEXIS 92011, at *79 (S.D. Fla. May 25, 2023) ("Failure to state a claim is not an affirmative defense.").

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Specifically, for its Second, Third, Sixth, Seventh, Eighth, Ninth, and Tenth affirmative defenses, Defendant was unable to provide a factual basis.[19]  Defendant's failure and/or inability to provide a factual basis for these affirmative defenses is despite Plaintiff providing notice that it would be inquiring as to these matters.[20]

With respect to Defendant's Fourth and Fifth affirmative defenses, Defendant relies on its flawed understanding of the Fair Use Doctrine and what it permits. Specifically, Ms. Johnson failed to explain how Defendant's use of the photographs comprising the Work would constitute fair use and instead testified in a conclusory manner, repeating that she knows what fair use is, she would not intentionally publish/display copyrighted photographs or instruct others to do so, and the circumstances surrounding the use of the photographs comprising the Work would be deemed fair use.[21] Ms. Johnson testified to this, despite having already testified, in sum and substance, that she largely is unaware of the circumstances surrounding the publishing and/or display of the photographs comprising the Work on Defendant's website.[22]

"In deciding whether a defendant's use of a work constitutes fair use, courts must weigh the following four factors: (1) the purpose and character of the allegedly

---

[19] See Johnson Tr., at 64:12 – 65:2, 66:4 – 66:20, 76:11 – 76:20, 77:9 – 77:13, 78:10 – 78:21, 79:14 – 80:17.
[20] See Notice of Taking Deposition of the Corporate Representative of Allwrite Communications Inc. d/b/a Hers Magazine ("30(b)(6) Notice"), dated August 8, 2023, a true and correct copy of which is attached hereto as Exhibit "F," at Exhibit A; see also Johnson Decl., at 82:15 – 85:18.
[21] See Johnson Decl., at 67:19 – 69:25, 73:22 – 75:21.
[22] See Johnson Decl., at 70:1 – 73:20.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

infringing use; (2) the nature of the copyrighted work; (3) the amount of the copyrighted work used; (4) and the effect of the use on the potential market or value of the copyrighted work." Katz v. Google Inc., 802 F.3d 1178, 1181 (11th Cir. 2015) (citing 17 U.S.C. § 412). It is Defendant's burden to establish its fair use defense, however, in light of the four factors, Defendant's use of the Work on its for-profit celebrity website is clearly outside what would constitute fair use. Specifically, Defendant's use of the Work on its website does not serve a nonprofit, educational purpose, as its use is clearly commercial; Defendant's use of the Work is not transformative and, instead, a mere superseding use of it; Defendant copied the entirety of the Work; and Defendant's use causes harm to Plaintiff's potential market for the Work. Considering all four factors together, the Court should find that Defendant's use of the Work was not fair.

### G.    *Damages*

#### 1.    *Actual Damages*

Pursuant to 17 U.S.C. § 504(b), a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement." Actual damages are "often measured by the revenue that the plaintiff lost as a result of the infringement, which includes lost sales, lost opportunities to license, or diminution in the value of the copyright." Lorentz v. Sunshine Health Prods., No. 09-61529-CIV-MORE, 2010 U.S. Dist. LEXIS 148752, at *12 (S.D. Fla. Sep. 7, 2010). The

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

copyright owner may also recover the fair market value of the licensing fee that would have been charged for the work that was infringed.  Id. at *15.

Plaintiff's actual damages can be determined through an examination of the licensing history of similar photographs from the subject photographers and from Plaintiff's prior experience in licensing celebrity photographs to media publications. In short, the Hannigan Decl. establishes the following with respect to the Work:[23]

| Photograph | Length of Use | Annual License | Actual Damages |
|---|---|---|---|
| First Photograph | Three years | $3,500.00 | $10,500.00 |
| Second Photograph | Five years | $3,500.00 | $17,500.00 |
| Third Photograph | Three years | $2,500.00 | $7,500.00 |
| Fourth Photograph | Three years | $2,500.00 | $7,500.00 |
| Fifth Photograph | Three years | $6,300.00 | $18,900.00 |
| Sixth Photograph | Three years | $3,000.00 | $9,000.00 |
| Seventh Photograph | Four years | $3,000.00 | $12,000.00 |
| Eighth Photograph | Five years | $4,000.00 | $20,000.00 |
| Ninth Photograph | Three years | $3,000.00 | $9,000.00 |
| Tenth Photograph | Three years | $3,000.00 | $9,000.00 |
| Eleventh Photograph | Three years | $3,000.00 | $9,000.00 |

---

[23]    Hannigan Decl. 49-66.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

| Twelfth Photograph | Three years | $3,000.00 | $9,000.00 |
| --- | --- | --- | --- |

### 2.    *Statutory Damages (The Fifth Photograph Only)*

Pursuant to 17 U.S.C. § 504(c)(1), a copyright owner "may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just." In calculating statutory damages, courts will generally look to a plaintiff's actual damages and award 2x – 5x to properly account for statutory damages. See, e.g., Corson v. Gregory Charles Interiors, LLC, No. 9:19-cv-81445, 2020 U.S. Dist. LEXIS 142932, at *5-7 (S.D. Fla. Aug. 7, 2020) (trebling the plaintiff's actual damages after applying a scarcity multiplier); Joe Hand Promotions, Inc. v. Alburl, No. 5:18-cv-1935-LCB, 2020 U.S. Dist. LEXIS 29309, at *16-17 (N.D. Ala. Feb. 20, 2020) ("Courts have generally upheld awards of three times the amount of the proper licensing fee as an appropriate sanction to ensure that the cost of violating the copyright laws is substantially greater than the cost of complying with them."); Broad. Music, Inc. v. N. Lights, Inc., 555 F. Supp. 2d 328, 332 (N.D.N.Y. 2008) ("[T]o put infringers on notice that it costs less to obey the copyright laws than to violate them, a statutory damage award should

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

significantly exceed the amount of unpaid license fees.  As such, courts often impose statutory damages in an amount more than double unpaid licensing fees where the infringement was not innocent."); <u>Broad. Music, Inc. v. Prana Hosp'y, Inc</u>., 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016) ("[C]ourts in this Circuit commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost of the licensing fees the defendant would have paid."); <u>Broad. Music, Inc. v. George Moore Enters., Inc.</u>, 184 F. Supp. 3d 166, 171-72 (W.D. Pa. Apr. 25, 2016) ("Statutory damages serve the dual purposes of compensation and deterrence: they compensate the plaintiff for the infringement of its copyrights; and they deter future infringements by punishing the defendant for its actions.").

Plaintiff submits that, with respect to the Fifth Photograph, an award of $37,800.00 (representing actual damages of $18,900.00 x 2) is appropriate here. Although a higher multiplier could be applied at trial, Plaintiff believes the $37,800.00 is both fair to compensate it for Defendant's use of the Fifth Photograph and a sufficient deterrent.

### H.    Entry of a Permanent Injunction is Appropriate

Pursuant to 17 U.S.C. § 502(a), "[a]ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 USCS § 502. Injunctions are

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

regularly issued pursuant to Section 502 because "the public interest is the interest in upholding copyright protections"; and courts also regularly issue injunctions as part of default judgements. Arista Records, 298 F. Supp. 2d at 1314 (entering permanent injunction against Defendants with respect to plaintiff's copyrighted work, including plaintiff's work to be created in the future).

As established by the well-pled facts of the Complaint, this Court has proper jurisdiction over this action. Defendant's conduct has caused, and any continued infringing conduct will continue to cause irreparable injury to Plaintiff, such that Plaintiff has no adequate remedy at law. For example, as previously noted, Defendant continued to display the photographs comprising the Work at the time the instant lawsuit was filed, despite prior notice by Plaintiff, and a prior lawsuit against it for copyright infringement did not stop Defendant's infringements from happening.

Accordingly, Plaintiff requests the Court to enter a permanent injunction against Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, vendors and assigns, and all those in active concert and participation with Defendant, prohibiting it from (a) directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works derived or copied from Plaintiff's copyrighted photograph or to participate or assist

in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by Plaintiff.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully request that the Court enter an Order: (a) granting final summary judgment in favor of Plaintiff; (b) awarding Plaintiff $120,000.00 in total actual damages with respect to the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, Eleventh Photograph, and Twelfth Photograph; (c) awarding Plaintiff $37,800.00 in statutory damages with respect to the Fifth Photograph; (d) permanently enjoin Defendant from infringing activities; and (e) for such further relief as the Court deems proper.

Respectfully submitted,

Dated: January 12, 2024.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
james@copycatlegal.com

By: /s/ James D'Loughy_____
James D'Loughy, Esq.
Georgia Bar No. 202974

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

## <u>CERTIFICATE PURSUANT TO LOCAL RULE 7.1(D)</u>

I hereby certify that the instant filing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B), specifically Times New Roman, 14 point.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 12, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

By: <u>/s/ James D'Loughy</u>
       James D'Loughy, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228